Hall, Judge.
 

 I think a new trial ought to be granted in this case, because the facts seem to me to be very imperfectly set forth. I cannot see upon what ground a verdict lias been rendered against the Defendant. It seems he levied upon the property in dispute about harvest time; but this was before the sale by Alley to the Plaintiff — that he afterwards, under an
 
 alias ji. fa.
 
 levied upon, and sold the property, on the seventh of October — ■ that Alley carried the-property away sometime in September, It does not appear that the property was eve»
 
 *343
 
 in tlio possession of the Defendant, if that was the caso, J. cannot see on what ground a verdict and judg-merit could be rendered against him — But suppose that ihe Defendant had levied upon, and taken the property into his possession in September, under the
 
 alias f.fa,
 
 before Alley carried it away, I cannot see that ho is liable for that, although the Plaintiff’s bill of sale was executed before that time
 
 ;
 
 because the first
 
 Ji. fa.
 
 that issued from March, created a lien on the Defendant’s pro - perty, so that he himself could not dispose of it, and that lien was continued under the
 
 alias ji. fa.
 
 ami existed when the slaves in question were sold to the Plaintiff in September. It is true, that although he had levied upon them under the first
 
 ji.fa.
 
 yet, as ¡se had not made a return thereof, and taken out a
 
 venditioni
 
 exponas, the benefit of tiiat levy was lost; but still the lien continued as much as if that levy had not been made, so as that the Defendant could not dispose of the property. For all these reasons, i think a new trial ought to be granted.
 

 Taylor, Chief-Justice, and IJisNinsase:.-, Judge, concurred.